IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JAY CHEN et al.,<br><br>    Defendant.<br>_____/ | No. C 05-375 SI<br><br>**ORDER GRANTING MOTIONS FOR BILL OF PARTICULARS FILED BY DEFENDANTS WONG AND CHEN** |

On October 27, 2006, the Court heard oral argument on the motions for a bill of particulars filed by defendants Jay Chen and Richard Wong. Having considered the arguments of counsel and the papers submitted, the Court hereby GRANTS the motions as set forth below.

## LEGAL STANDARD

Rule 7(f) of the Federal Rules of Criminal Procedure provide that the Court may in its discretion require a bill of particulars where necessary to inform the defendant of the charges against him, to minimize the danger of surprise at trial, to prepare for the defense, and to protect against double jeopardy. *See United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1984). The Ninth Circuit has held that, in deciding whether to order a bill of particulars, a court "should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Id.*

## DISCUSSION

Defendant Wong moves for a bill of particulars as to Count 1 of the second superseding

indictment. That count alleges,

> On or about and between a date unknown to the Grand Jury but no later than September 2000 and June 22, 2005, in the Northern District of California, and elsewhere, the defendants Enrique Chan, Richard Wong, Sergio Alvarez, Yuta Arai, Jay Chen, Minho Thomas Cho, Faisal Mansoor Aly Gowani, Chi Duc Hac, Darrick Curtiss Hom, David Lee, Brian Hen Lun Ly, Roselia Puga Mendoza, Edward Wook Sung Park, Michael Say Su, Iris Lai Hung Tam, and Edwin Gordon Toy, and others did knowingly and intentionally conspire to manufacture (cultivate), to possess with intent to distribute, and to distribute a controlled substance, to wit: one thousand or more marijuana plants, and did knowingly aid and abet such conspiracy, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(ii) and Title 18, United States Code, Section 2.

Wong is also named in Count 28, conspiracy to possess and distribute MDMA, as well as a general forfeiture allegation. Unlike his alleged co-conspirators also named in Count 1, Wong is not named in any of the counts related to specific alleged marijuana grow sites.[1]

Defendant Jay Chen seeks a bill of particulars as to Count 27 of the second superseding indictment. That count alleges,

> 1. The allegations of Counts One through Twenty-Six are realleged and incorporated fully herein.
>
> 2. Beginning at a date unknown to the Grand Jury, but no later than on or about September 2000, and continuing through on or about June 22, 2005, in the Northern District and elsewhere, the defendants Enrique Chan, Sergio Alvarez, Yuta Arai, Jay Chen, Minho Thomas Cho, Chi Hac, Que Donald Hac, Darrick Curtiss Hom, David Lee, Brian Ly, Roselia Puga Mendoza, Edward Wook Sung Park, and Michael Say Su, did knowingly and intentionally conspire to conduct and attempt to conduct financial transactions, to wit: purchase United States Postal money orders and commercial money orders, and make cash payments for grow-site expenses, including rent, utilities such as electricity and water, marijuana cultivation equipment and supplies, work performed, as well as for other expenses incurred in maintaining the marijuana grow sites, affecting interstate commerce, which involved the proceeds of specified unlawful activities, to wit: conspiracy to cultivate, possess with intent to distribute and distribute marijuana, cultivation of and possession with intent to distribute marijuana, and maintaining a place for the purpose of cultivating and distributing marijuana, with the intent to promote the carrying on of such specified unlawful activities, and knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and did knowingly aid and abet such conspiracy.
>
> 3. All in violation of United States Code, Section 1956(h), and Title 18, United States Code, Section 2.

---

[1] Wong is also named in 17 of 18 counts in a separate indictment in *United States v. Wong et al.*, CR 06-428 SI.

Both defendants contend that the counts at issue do not provide them with any notice of when their involvement in the conspiracies is alleged to have begun, how extensive their involvement was, who they were alleged to have conspired with, or what acts they are alleged to have completed in furtherance of the conspiracy. Wong also emphasizes the fact that he is the sole member of the alleged marijuana conspiracy not alleged to be involved in any grow site named in the indictment. Defendants also note that in contrast with the lack of specific information about financial transactions encompassed by Count 27, Count 30 of the indictment, which is alleged only against defendant Enrique Chan, lists serial numbers of postal money orders.

Wong and Chen seek the following particulars:

1. That the government identify the overt acts purportedly committed in furtherance of the charged conspiracies;

2. That the government identify the precise dates on which Mr. Wong and Mr. Chen and each and every alleged co-conspirator, whether or not named in the superseding indictment, purportedly joined in and, where applicable, withdrew from said conspiracies;

3. That the government state the circumstances under which, and the words or conduct by means of which Mr. Wong and Mr. Chen, and each and every alleged co-conspirator, whether or not named in the superseding indictment, entered into said conspiracies, including a statement alleging which specific grow-site Mr. Wong is alleged to have been involved with, and which specific financial transactions Mr. Chen is alleged to have been involved with;

4. That the government state the manner in which Mr. Wong and Mr. Chen and each alleged co-conspirator contributed to the charged conspiracies, and the times and places of said participation;

5. That the government specify whether Mr. Wong and each alleged co-conspirator is charged with unlawful manufacturing or possession of all seized marijuana or whether Mr. Wong and each alleged co-conspirator is attributed with manufacturing or possession of a lesser amount, and if the latter, that the government specify what marijuana is attributed to which alleged co-conspirator (Chen seeks equivalent information with respect to financial transactions); and

6. That the government specify whether Mr. Wong and each alleged co-conspirator is charged with the intent to distribute, or distribution, of all seized marijuana, or whether Mr. Wong and each alleged co-conspirator is attributed with intent to distribute, or distribution, of a lesser amount, and if the latter, that the government specify what marijuana is attributed to which alleged co-conspirator (Chen seeks equivalent information with respect to financial transactions).

Motions at 1-2.

The government responds that the charging language combined with the discovery provided to

date sufficiently informs defendants of the charges against them. The government asserts that defendants can search through the discovery, much of which is computer-searchable, for their names and nickname. With respect to Count 27, the government asserts that the money laundering conspiracy closely tracks the marijuana cultivation conspiracy, and thus presumably Chen can search through the discovery to locate all financial records associated with each grow site. The government also states that it is not aware of any co-conspirator who withdrew from either of the alleged conspiracies, and that it is not aware of all "circumstances," "words" or "conduct" by which defendants and all other co-conspirators joined the conspiracies.

The Court concludes that defendants are entitled to a bill of particulars, although not to the extent sought by the motions. The Court agrees with the government that the indictment need not specify the overt acts committed in furtherance of the charged conspiracies, and that it is unreasonable to require the government to "state the circumstances under which, and the words or conduct by means of which" defendants and every alleged co-conspirator entered into the alleged conspiracies. *See United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985) (defendants not entitled to bill of particulars in order to obtain names of unknown co-conspirators, exact date on which alleged conspiracy began, or statement of all overt acts), *amended on other grounds*, 777 F.2d 543 (1985).

However, the Court finds that Counts 1 and 27, as currently alleged, are too general to provide defendants with notice of the charges they are facing. As noted above, Wong is named in the marijuana conspiracy count, which does not identify any particular grow sites, but he is not named in any of the other counts charging marijuana cultivation at specific grow sites. The Court is not persuaded by the government's assertion that the indictment, combined with a search through the extremely voluminous and diverse discovery produced in this case, will sufficiently apprise Wong of the charge against him in Count 1. Wong's counsel has submitted a declaration stating that to date discovery numbers at least 150,000 pages, and that discovery includes non-documentary evidence reflected in at least 22 CDs containing approximately 111,250 TIFF images, 25 CDs containing approximately 1,250 photographs, 22 CDs containing approximately 5,800 minutes of audio recordings, and 30 CDs containing

approximately 900 minutes of video surveillance. Vizzi Decl. ¶ 2.[2] Vizzi states that much but not all of the documents are searchable by defendant's name, and that "due to the volume of the discovery and difficulty presented by the vastness of this investigation, the task [of searching discovery specifically for evidence related to Wong] is not yet completed and could not be completed adequately in the near future without additional information provided by the government . . . ." *Id.* ¶ 3. As the government has repeatedly acknowledged, this case and the two related cases are factually and legally complex, encompass numerous alleged conspiracies, and involve dozens of defendants and alleged grow-sites. Under these circumstances, the Court finds that a bill of particulars is warranted to provide defendant with adequate notice, allow for trial preparation, and avoid double jeopardy. *See Long*, 706 F.2d at 1054.

Similarly, although Count 27 arguably provides more information about the scope of the alleged money laundering conspiracy due to the incorporation of all previous counts, the Court concludes that Count 27 nevertheless fails to sufficiently inform defendant Chen of the charge against him. Count 27 does not identify any particular financial transactions allegedly connected to the marijuana conspiracy. According to the government, defendant can search through the discovery to identify every financial transaction associated with every grow site named in the indictment. The Court finds that, given the breadth and complexity of this case, requiring defendant to search through a mountain of discovery does not satisfy the obligation to adequately advise defendant of the charges against him.

Accordingly, the Court GRANTS defendants' motions[3] and orders the government to provide the following particulars as to Count 1:

1. That the government state which specific grow site or sites Wong is alleged to have been involved with;

2. That the government state the manner in which Wong and each alleged co-conspirator

---

[2] Chen's counsel has submitted a similar declaration. *See generally* Figueroa Decl.

[3] Defendants Cho, Park and Ly joined in Wong's motion. *See* Docket Nos. 490, 497. (Park and Ly also joined Chen's motion.) These defendants are somewhat differently situated than Wong in that they are named in several marijuana cultivation counts identifying specific grow sites. Accordingly, the Court holds that the government need not provide the first category of information regarding specific grow sites for Park, Cho and Ly. In all other respect, the Court's order applies to the defendants who joined in the instant motions.

5

contributed to the charged conspiracy, and the times and places of said participation;

3. That the government specify whether Wong and each alleged co-conspirator is charged with unlawful manufacturing or possession of all seized marijuana or whether Wong and each alleged co-conspirator is attributed with manufacturing or possession of a lesser amount, and if the latter, that the government specify what marijuana is attributed to which alleged co-conspirator; and

4. That the government specify whether Wong and each alleged co-conspirator is charged with the intent to distribute, or distribution, of all seized marijuana, or whether Wong and each alleged co-conspirator is attributed with intent to distribute, or distribution, of a lesser amount, and if the latter, that the government specify what marijuana is attributed to which alleged co-conspirator.

The Court orders the government to provide the following particulars as to Count 27:

1. That the government state which specific financial transactions Chen is alleged to have been involved with;

2. That the government state the manner in which Chen and each alleged co-conspirator contributed to the charged conspiracy, and the times and places of said participation;

3. That the government specify whether Chen and each alleged co-conspirator is charged with all unlawful financial transactions or whether Chen and each alleged co-conspirator is attributed with only certain specific transactions, and if the latter, that the government specify which financial transactions are attributed to which alleged co-conspirator; and

4. That the government specify whether Chen and each alleged co-conspirator is charged with the intent to conduct all unlawful financial transactions, or whether Chen and each alleged co-conspirator is attributed with intent to conduct some lesser number of financial transactions, and if the latter, that the government specify what transactions are attributed to which alleged co-conspirator.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants'

motions for a bill of particulars.  (Docket Nos. 473, 488, 490, 497, and 547).

**IT IS SO ORDERED.**

Dated: November 9, 2006

_____
SUSAN ILLSTON
United States District Judge